UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | Criminal Action No. 6: 06-101-DCR |
| ) | |
| V.   ) | |
| ) | |
| MONTY HART,   ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant.   ) | |

*** *** *** ***

This matter is pending for consideration of the Defendant Monty Hart's pro se petition for Court documents. [Record No. 198] On May 24, 2007, Hart pled guilty to conspiring with others to possess with intent to distribute and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 and was sentenced to a term of imprisonment of 150 months. In pleading guilty, Hart waived the right to appeal his guilty plea and conviction but retained the right to appeal his sentence.

Hart has now filed motion requesting the production of certain documents for the purpose of preparing a habeas petition. The Court notes that, under 28 U.S.C. § 753(f) and 28 U.S.C. § 2250, the government has a responsibility to provide transcripts or other court documents to inmates. *See United States v. Gains*, 1992 WL 38157, at *1 (E.D. Pa. Feb. 20, 1992). Under § 753(f), the government must furnish transcripts to a prisoner under the following circumstances: (1) where the prisoner has authorization to proceed *in forma pauperis*; (2) the court finds that

the § 2255 action is non-frivolous, and (3) the court need the transcript to rule on an issue. *See* 28 U.S.C. § 753(f). Additionally, § 2250 provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. Section 2250 appears to be the more relevant statutory authority in this case. However, Hart's motion fails under both statutes.

To invoke either § 2250 or § 753(f), Hart must have a § 2255 application *pending*. *See United States v. Cononor*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *United States v. Agbomire*, 239 F.App'x 929, 929-30 (5th Cir. 2007); *United States v. Lewis*, 1994 WL 563442, at *1-2 (10th Cir. Oct. 14, 1994); *Corrigan v. Thomas*, 55 F.App'x 754, 756 (6th Cir. 2003) ("Finally, federal prisons are not entitled to obtain a transcript . . . at government expense under [§753(f)] for the purpose of preparing a motion to vacate where there was not motion to vacate sentence pending.") (citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963). Because Hart has not filed a § 2255 motion, the posture of this case precludes the application of § 2250 or § 753(f).

In addition, the Court notes that even if a § 2255 application were pending, any subsequent motion for court documents would have to include a "showing of need." *See United States v. Nelson*, 1991 WL 59411, at *1 (10th Cir. April 16, 1991); *see also Irby v. Swenson*, 361 F. Supp. 167, 167 (D.C. Mo. 1973); *Wiggins v. United States*, 1005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004).

Hart has failed to demonstrate a "showing of need." Therefore, in addition to the posture of this action, the court reject's Hart's document request because he has not articulated sufficient need for the records. *See e.g.*, *Walker*, 424 F.2d at 279 ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").

For the reasons discussed herein, it is hereby **ORDERED** that Hart's petition for Court documents [Record No. 198] is **DENIED**.

This 6th day of August, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge