UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:06-CR-101-DCR-4 |
| | ) | No. 6:08-CV-7036-DCR |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| MONTY HART, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

On September 29, 2008, Movant Monty Hart properly filed a pro se motion under 28 U.S.C. § 2255. *See* DE #203 (Motion). In response, the United States moved to dismiss, *see* DE #213 (Motion to Dismiss), and Movant responded in opposition. *See* DE #219 (Response). Following analysis of the issues, the Court ordered a limited evidentiary hearing. *See* DE #230 (Order). At the hearing, Hart expressly withdrew all but one argument, choosing to pursue solely the claim that his counsel failed to perfect an appeal as instructed. *See* DE #245 (Transcript of Evidentiary Hearing) ("Tr.") at 2-4.[1]

Having considered the full record, the Court **RECOMMENDS** that the District Court **GRANT** relief as to the sole remaining issue and thereby grant a delayed appeal, following the procedure outlined in this Order. Monty Hart proved that his attorney did not comply with direct instruction to appeal the sentence imposed in this case. This failure establishes ineffective

---

[1] The Court examined both counsel and Mr. Hart about this withdrawal; Hart requested that the Court disregard all other arguments presented in the section 2255 motion and focus only on the issue of a denied appeal right. *See* Tr. at 3-4. As such, the Court does not evaluate the merits of the withdrawn issues, which involved immunity and self-incrimination theories under a *Strickland* rubric.

1

assistance of counsel and a per se basis for relief. Accordingly, the District Court should **DENY** the United States's motion to dismiss.

**I. Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. *See* 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, the Movant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 113 S. Ct. 1710, 1721-22 (1993)). To prevail on a motion alleging non-constitutional error, the Movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (citing *Hill v. United States,* 82 S. Ct. 468, 471 (1962)). In making a section 2255 motion, Movant bears the burden of proving his or her contentions by a preponderance of the evidence. *See McQueen v. United States*, 58 Fed. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

A reviewing court must hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact .'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v.*

2

*United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court additionally recognizes Hart's pro se status. Pro se motions receive a comparatively lenient construction by the Court. *See Castro v. United* States, 124 S. Ct. 786, 791-92 (2003) (demonstrating consideration given across the circuits for pro se petitions); *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'"). Because the Court previously granted an evidentiary hearing in the case, Hart received an appointment of counsel. *See* DE #230 (Order appointing). Counsel thus assisted Hart with the hearing process and represented Movant during the hearing itself.

The remaining claim, following Hart's voluntary withdrawal of other issues, involves an allegation that Movant's retained counsel failed to appeal as instructed. Lowell Lundy, counsel of record, did not file an appeal, and the question is whether that failure amounts to ineffective assistance of counsel under *Strickland* and the cases analyzing denied appeal as an avenue for section 2255 relief. As Judge Reeves has summarized:

> In the context of an alleged failure to perfect an appeal, "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so." *Regalado v. United States,* 334 F.3d 520, 524 (6th Cir. 2003) (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000)). However, absent specific instructions, an attorney is only required to consult with his or her client about the advantages and disadvantages of an appeal and the client's wishes. *Id.* If, after consultation, a defendant fails to give express instructions to appeal, the defendant cannot meet the first prong of the *Strickland* test because he cannot show that his counsel's performance was deficient. *Id.* at 526.

*United States v. Davidson*, No. 5:05-CR-30-DCR, 2008 WL 170507, *5 (E.D. Ky. Jan. 17, 2008). Consultation occurs when the attorney "'advis[es] the defendant about the advantages and

disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes.'" *See Regalado*, 334 F.3d at 525 (quoting *Roe*, 120 S. Ct. at 1035) (internal quotations omitted). If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* The consultation duty is not itself absolute. Without consultation, a reviewing court must assess whether a consultation failure itself is deficient. Per *Roe*,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe*, 120 S.Ct. at 1036.[2]

## II. Analysis

The instant section 2255 motion concerns Hart's criminal conviction for drug trafficking in Whitley County, Kentucky. *See* DE #3 (Indictment); DE #75 (Superseding Indictment); DE #178 (Judgment Upon a Plea of Guilty). Movant contends ineffective assistance of counsel because he requested an appeal be perfected, but counsel failed to comply. *See* DE #203-2 (Memorandum in Support, Part I) at 49; DE #203-3 (Memorandum in Support, Part II) at 1-2. Hart notes that counsel could have filed an *Anders* brief, if he believed an appeal to have no merit. *See* DE #203-3 at 2. The United States points to Movant's waiver of appeal rights, except as to sentencing appeals, and asserts that Hart has not proven he asked his lawyer to perfect an

---

[2] For a failure to consult claim, a defendant must show a form of prejudice, *i.e.*, that he likely would have appealed if consultation had occurred. *Roe* provides: "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 120 S. Ct. at 1038.

appeal. *See* DE #213.

Waiver

The Government's argument regarding waiver fails because the appeal Hart allegedly wished to assert involved his sentence. *See* DE #203-5 (Declaration) at 25 ¶ 58.[3] At Movant's rearraignment, the United States acknowledged that such appeals would be permissible under the waiver language:

> MR. WEST: In paragraph eight, the defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction, but **he reserves the right to appeal the sentence**.

Tr. at 10 (emphasis added). Based on the United States's own admission, then, Hart did not waive an appeal of the sentence. The waiver defense would not result in dismissal.

Failure to Perfect Appeal

Turning to the merits of Hart's contention, the Court recommends granting relief. The Sixth Circuit has considered claims concerning failure to perfect an appeal in disregard of a defendant's request:

> We . . . hold that the failure to perfect a direct appeal, in derogation of a

---

[3] The United States also argues procedural default as to sentencing arguments. *See* DE #213 at 11-12. However, because the Court finds that Hart instructed his attorney to appeal, but counsel failed to comply, procedural default in and of itself does not bar relief. Counsel's inaction constitutes ineffective assistance, which is sufficient to show "cause." *See Roe*, 120 S. Ct. at 1035 (citing *Rodriquez v. United States*, 89 S. Ct. 1715 (1969)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). Further, courts **presume** prejudice in this context. *See Roe*, 102 S. Ct. at 1038; *Ludwig*, 162 F.3d at 459 ("[F]ailure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment."). Consequently, Defendant's allegations, as proven, satisfy the cause and prejudice exception. *See United States v. Chatman*, No. 1:04-CR-126, 2005 WL 3277989, at *2 (W.D. Mich. Dec. 2, 2005) ("When . . . counsel ignor[es] an express instruction to appeal, that failure constitutes a sufficient showing of 'cause' and no showing of prejudice is required since prejudice is presumed even if the appeal issue is legally frivolous.").

> defendant's actual request, is a per se violation of the Sixth Amendment . . .We
> emphasize, of course, that a defendant's actual "request" is still a critical element
> in the Sixth Amendment analysis. The Constitution does not require lawyers to
> advise their clients of the right to appeal. Rather, the Constitution is only
> implicated when a defendant actually requests an appeal, and his counsel
> disregards the request.

*Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998) (vacating a district court decision and remanding for consideration whether movant requested counsel to perfect an appeal); *see Wright v. United States*, 320 F. App'x 421, 427-28 (6th Cir. 2009) (vacating and remanding, based on application of the *Ludwig* rule); *Carrion v. United States*, 107 F. App'x 545, 546-47 (6th Cir. 2004) (same). To determine whether the *Ludwig* rule applies here, the Court must determine whether Movant actually requested his counsel to perfect an appeal. *See Wright*, 320 F. App'x at 427; *Carrion*, 107 F. App'x at 547.

At the hearing, both Hart and Attorney Lundy testified. Based on the evidence and full record, including the witness testimony, the Court **FINDS** that (1) Hart directed Lundy to file an appeal and (2) counsel failed to act as instructed. At the evidentiary hearing, Hart consistently described his request to appeal. *See* Tr. at 7 (direct examination of Movant, stating direction to appeal given just as sentencing ended: "Right after I said I wanted to appeal on those issues, right then that was overruled during sentencing"); *id.* at 8 ("I told him I wanted to appeal them [the sentencing objections made and overruled]."); *id.* at 13-14 (cross-examination of Hart: "Right after Mr. Reeves had got done, I discussed it with him."). This testimony matches with Hart's averments in the section 2255 motion and supporting memorandum. *See, e.g.*, DE# 203-3 at 1-2; DE #203-5 at 25 ¶ 58. In all of these representations, Hart offered a consistent account: he requested an appeal, and Lundy failed to comply.

Lundy did not refute or factually contradict Hart's testimony. Per Lundy: "Monty may

have told me that he wanted his case appealed. I'm not going to deny that he – I'm not saying he did or didn't. I do not remember." Tr. at 24; *see id.* at 26 ("But I'm not going to sit here under oath, say he did not tell me that, because he may very well might have."); *id.* ("I'm not saying he didn't tell me to appeal it[.]").

Notably, this testimony differs considerably from a previous (unsworn) filing made by Lundy concerning Hart's desire to appeal: "The defendant reviewed his presentence report with his attorney and knew almost exactly what his sentence was to be. He did not at any time request that an appeal be instituted because of his sentence." DE #196 at 1. The unsworn statement does not account for events that occurred at sentencing, where Hart left disappointed in the Court's rulings on two key sentencing objections. *See* Tr. at 6. That Lundy has no recollection under oath leaves Hart's sworn testimony essentially uncontested.

Lundy's theory was that Hart would do better by trying to cooperate than he would by appealing his sentence.[4] After sentencing, the United States approached Lundy about cooperation as a means of reducing Hart's sentence. *See* Tr. at 24. In Lundy's view, the chance to cooperate was a better option: "Monty may have told me that he wanted his case appealed . . . But I thought he had much bigger fish to fry than to file what I thought would be a frivolous appeal." *See id.* While counsel's theory may have been strategically defensible,[5] Lundy did not fully discuss the theory with Hart, who persisted in the instruction to appeal. Again, from Lundy:

> The Court: You heard Mr. Hart's testimony that you had a discussion in court. Or maybe a discussion is the wrong way to say it. He testified he expressed to you his desire to appeal, and you essentially said, "We'll talk about it."

---

[4] This too was the underlying dynamic in *Regalado*.

[5] Any cooperation by Hart did not procure a Rule 35 motion by the United States. *See* Tr. at 33.

| | |
|---|---|
| | And then his testimony is he didn't have any further discussion with you during that – at least during that appeal period. |
| Lundy: | I'm going to have to agree with that, Judge. |
| The Court: | All right. You don't think you had discussion after leaving court that day? |
| Lundy: | I don't – – no, no. I don't think so, not within the ten-day frame. |

Tr. at 36. According to Lundy himself, Hart wanted to appeal and Lundy disagreed, but Lundy did not timely discuss the basis for recommending against appeal. Whatever the pros and cons of Lundy's assessment, Hart alone had suzerainty over the decision to appeal.

Counsel was not effective. Hart consistently acted in a manner showing he wanted to contest and then appeal the key sentencing issues. He negotiated the appeal waiver to carve out a sentencing appeal. *See* Tr. at 9; DE #176 at 4 ¶ 8. He individually prepared objections to the PSR that Lundy lodged on his behalf, and Hart pressed those objections all the way to the sentencing date. *See, e.g.*, DE #203-8 at 5-10. Post-sentencing, Hart immediately communicated to Lundy that he wanted an appeal of those sentencing issues, specifying the time, place, and circumstances of the discussion. *See* Tr. at 7-8. Irrespective of the appeal merits, Lundy improperly did not follow Hart's explicit directions as established in the record.[6]

Because the Court finds that Hart directed trial counsel to file an appeal and that counsel failed to follow Hart's instruction, the Court concludes that counsel provided ineffective assistance. *See Roe*, 120 S. Ct. at 1035 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.");

---

[6] Hart also would prevail on a failure to consult theory. Lundy knew that Hart wanted to appeal, creating the consultation duty. No timely consultation occurred, and the other evidence indicative of Hart's intent and desire to appeal would establish prejudice under *Roe*.

*Ludwig*, 162 F.3d at 459 ("[F]ailure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.")

The remedy in this scenario is a "delayed appeal," and, to warrant relief, Hart "need not show any likelihood of success on the merits." *See Regalado*, 334 F.3d at 525. Procedurally, to effect a delayed appeal, the District Court should: (1) vacate the current judgment/sentence; (2) reimpose the "same sentence" at and as part of a new sentencing hearing under Rule 32; (3) advise Hart again of all rights associated with an appeal from a criminal sentence/judgment; and (4) enter a new judgment after advising Movant of the appeal deadline, as provided in Federal Rule of Appellate Procedure 4(b). *See Johnson v. United States*, 146 F. App'x 4, 5-6 (6th Cir. 2005) (citing *United States v. Phillips*, 225 F3d 1198, 1201 (11th Cir. 2000); *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972)).

The Court thus recommends that the District Court grant Hart's section 2255 motion and set a hearing to reimpose Hart's sentence, following the procedure stated.

## IV. Recommendation

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **GRANT** Movant's motion for section 2255 relief as to the sole remaining issue and order relief, following the procedure outlined above. The Court also recommends that the District Court **DENY** the United States's motion to dismiss.[7]

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also*

---

[7]The Court eschews any certificate of appealability analysis under 28 U.S.C. § 2253 because of the nature of the recommendation. A certificate is not a predicate to appeal by the United States. *See* Fed. R. App. Pro. 22(b)(3).

Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 17th day of August, 2010.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge